UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LEON A. MORRIS, SR., | : Case No. 3:22-cv-208 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| MAYOR JEFFERY MIMMS, JR., *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATIONS

Plaintiff, a frequent filer in this Court[1] and a prisoner at the North Central Correctional Institution, has filed a *pro se* civil rights complaint and amended complaints in this Court against defendants Green County Adult Probation Department, Greene County Adult Common Pleas Court, and Josh Mixon. (*See* Doc. 5, 20, 27). Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] *See Morris v. Globe Life Ins. Co.*, Case No. 3:22-cv-199 (S.D. Ohio July 27, 2022); *Morris v. Haines*, Case No. 3:22-cv-200 (July 27, 2022); *Morris v. Warden*, Case No. 2:22-cv-3461 (S.D. Ohio Sept. 16, 2022); *Morris v. Huffman*, Case No. 3:22-cv-278 (S.D. Ohio Sept. 28, 2022); *Morris v. Turner*, Case No. 3:22-cv-279 (S.D. Ohio Sept. 28, 2022); *Morris v. Small Business Admin.*, Case No. 3:22-cv-221 (S.D. Ohio Aug. 9, 2022); *Morris v. Global Life Ins. Co.*, Case No. 3:22-cv-222 (S.D. Ohio Aug. 9, 2022).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[2] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff[3] brings this action against defendants Mayor Jeffery Mimms Jr., Treasurer John McManus, and Sheriff Streck. (*See* Doc. 5). In the complaint, plaintiff alleges that in 2019 and 2020 that the federal government declared Montgomery County, Ohio a national disaster and funds were provided to help citizens recover. (Doc. 5 at PageID 31; Doc. 27 at PageID 105). According to plaintiff, defendants "used more funds on lights, on bridges, some road repairs, and refused to use funds to rebuild blighted properties in those poverty areas of Montgomery County Dayton, Ohio." (Doc. 5 at PageID 31). Without factual elaboration, plaintiff asserts that "this is a designed plan to keep those that live in those poverty areas criminal minded." (*Id.*). In his amended complaint, plaintiff alleges that "[t]he areas that were discriminated against were mainly black, low income, and poverty ridden." (Doc. 27 at PageID 106).

As relief, plaintiff seeks for the Real Change Program to have access to twenty million dollars in order to eliminate poverty and homelessness, as well as to provide community resources regarding skilled trades and drug rehab. (*Id.* at PageID 32. *See also* Doc. 27, Amended Complaint at PageID 104 (seeking monetary damages)).

C. **Analysis**

As an initial matter, the complaint should be limited to alleged violations of plaintiff's own rights. To the extent that plaintiff has filed a purported class action (*see* Doc. 27 at PageID 104), "Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022) (citing *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives")). *Cf.*

---

[3] As discussed below, it appears that plaintiff brings this action as a purported class action and seeks to include the business Real Change Program as a plaintiff to this action as well.

4

*Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). In this case, plaintiff has not moved for class certification or otherwise demonstrated that he would be an adequate class representative. *See Sanders*, 2022 WL 16729580, at *5 (finding that where the plaintiff "offered no basis from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification"). *See also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the *pro se* inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore the complaint should be limited to alleged violations of plaintiff's own federal rights. *Cf. Dodson,* 304 F. App'x at 438.

Similarly, it also appears from the face of plaintiff's complaint that he intends to include the Real Change Program as a plaintiff to this action. (*See* Doc. 5, at PageID 29). However, to the extent that plaintiff claims that defendants have somehow violated the rights of the Real Change Program or seeks to bring this action on its behalf, plaintiff lacks standing to raise the claims of others. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) ("[s]tanding . . . embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . ."). *Cf. Williams v. Slemmer*, No. 4:10-cv-799, 2010 WL 2606128, at * 1 n.1 (N.D. Ohio June 25, 2010) (declining to recognize a corporation

as a plaintiff where it appeared that the corporation was not represented by counsel). Plaintiff may not assert the rights of others in this case. The Court therefore understands plaintiff to be the sole plaintiff to this action.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and defendants are citizens of Ohio. (*See* Doc. 5, Complaint at PageID 30). The complaint does not allege that the citizenship of plaintiff and defendants are diverse. 28 U.S.C. § 1332(1). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

In addition, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

To the extent plaintiff's complaint alleges defendants violated his right to equal protection, the complaint fails to state a claim for relief under the equal protection clause of the Fourteenth Amendment. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff has failed to allege any facts whatsoever showing that defendants treated plaintiff differently or denied him any rights because of his membership in a protected class.[4] Furthermore, plaintiff's conclusory allegations regarding defendants' alleged spending decisions amounted to a "designed plan to keep those that live in those poverty areas criminal minded," is insufficient to plausibly suggest that defendants intentionally discriminated against him. Plaintiff has not alleged any facts that show he was treated differently than any other person under similar circumstances. For these reasons, plaintiff has failed to state a claim for a violation of his equal protection rights under the Fourteenth Amendment.

Finally, plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1985. (*See* Doc. 27 at PageID 104). To plead a cause of action under § 1985, plaintiff must

---

[4] In this regard, plaintiff's sole allegations are that defendants discriminated against people in areas that he describes as "mainly black, low income, and poverty ridden." (Doc. 27 at PageID 106). Plaintiff alleges that "[t]he people living in these areas are left without funding to help them in these unprecedented times and have been force[d] to live with property that have been blight for 20-25 years." (*Id.*). Although plaintiff alleges that the conditions in these properties violate "plaintiffs'" constitutional rights (*see* Doc. 27 at PageID 106), as noted above, plaintiff cannot maintain this action on behalf of others and has otherwise failed to allege facts to suggest that he has been discriminated against in violation of the Equal Protection Clause or that defendants otherwise violated his rights.

allege that the defendants conspired together for the purpose of depriving plaintiff of the equal protection of the laws; that the defendants committed an act in furtherance of the conspiracy that caused injury to plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Here, plaintiff has not pleaded that any of the defendants were motivated by a racial or class-based discriminatory animus. Moreover, plaintiff's allegations are insufficient to support any inference that the defendants were involved in a conspiracy, or in other words, that the defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). In the absence of any factual allegations to support his vague and conclusory conspiracy claim, plaintiff's complaint fails to state a claim upon which relief may be granted.

The complaint otherwise provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's federal rights. *Iqbal*, 556 U.S. at 678. Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

Finally, insofar as plaintiff is alleging claims under Ohio law (*see* Doc. 27 at PageID 105) (alleging a violation of Ohio Rev. Code § 149.43)), the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

2. Plaintiff's pending motions (Doc. 4, 12, 14, 15, 17, 18, 24, 26) be **DENIED**; and

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall

respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| May 9, 2023 | *s/Peter B. Silvain, Jr.* |
| | Peter B. Silvain, Jr. |
| | United States Magistrate Judge |