UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REAL CHANGE PROGRAM, *et al.*,

    Plaintiffs,

vs.

MAYOR JEFFERY MIMMS, JR.,
*et al.*,

    Defendants.

Case No. 3:22-cv-208

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 32); (2) OVERRULING PLAINTIFF LEON A. MORRIS, SR.'S OBJECTIONS (Doc. No. 34); (3) DISMISSING WITH PREJUDICE PLAINTIFF'S INITIAL AND AMENDED *PRO SE* COMPLAINTS, INCLUDING CLAIMS PLAINTIFF SEEKS TO RAISE ON BEHALF OF THE REAL CHANGE PROGRAM (Doc. Nos. 5, 20, 27,); (4) DENYING PLAINTIFF'S PENDING MOTIONS (Doc. Nos. 4, 12, 14, 15, 17, 18, 24, 26); (5) CERTIFYING, PURSUANT TO 28 U.S.C. § 1915(A)(3), THAT ANY APPEAL OF THIS ORDER WOULD NOT BE TAKEN IN GOOD FAITH, AND, THEREFORE, DENYING PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*; AND (6) TERMINATING THIS CASE ON THE DOCKET**

---

This case is before the Court on the objections filed by *pro se* Plaintiff Leon A. Morris Sr. ("Plaintiff") to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Peter B. Silvain, Jr., to whom this case was referred under 28 U.S.C. § 636(b). Doc. No. 32. Judge Silvain recommends that the Court dismiss with prejudice Plaintiff's *pro se* amended complaints[1] under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);[2] deny his pending motions; and certify that any appeal would not be taken in good faith, and, therefore, deny Plaintiff leave to

---

[1] In addition to his complaint, Plaintiff filed two documents captioned "Amendment to Complaint." Doc. Nos. 20, 27. Judge Silvain properly construed these documents in Plaintiff's favor by viewing them as an amended complaint and fully considered them, together with Plaintiff's original complaint, throughout his R&R. *See* Doc. No. 32 at PageID 113-121.

[2] This statute applies because Plaintiff is an inmate at the North Central Correctional Institution. *See* 18 U.S.C. § 1915A(a); Doc. No. 32 at PageID 113, 121.

appeal *in forma pauperis*. *Id*. at PageID 121. Plaintiff has filed objections to the R&R. Doc. No. 34.

In light of Plaintiff's objections, the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all filings in this matter. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) ("The filing of objections to a magistrate[ judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." (quoting *Thomas v. Arn,* 474 U.S. 140, 147 (1985))). The Court liberally construes Plaintiff's *pro se* filings in his favor, including his objections to the Magistrate Judge's R&R. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (stating that construing *pro se* complaints liberally may include considering additional allegations made in objections to a Magistrate Judge's Report and Recommendation) (collecting cases). Upon careful *de novo* review, the Court determines that the R&R accurately recounts Plaintiff's factual allegations; cogently analyzes his complaint and amended complaint under the applicable law; and correctly concluded that he has failed to raise a plausible claim for relief. *See* Doc. No. 32 at PageID 113-121.

Plaintiff raises various objections to the R&R. He first points out that page one of the R&R incorrectly listed Defendants as the Greene County Adult Probation Department; the Court of Common Pleas, Greene County; and Josh Mixon. Doc. No. 34 at PageID 126. Plaintiff emphasizes that these Greene County entities and Josh Mison have nothing to do with this case. *Id*. Plaintiff is correct that these parties are not named in the complaint or amended complaint. *See* Doc. Nos. 5, 20, 27. However, the misidentification of Defendants on page one of the R&R played no part in the Magistrate Judge's analysis and caused no prejudice to Plaintiff. The R&R

later correctly identifies Defendants as Mayor Jeffrey Mimms, Jr.; Treasurer John McManus; and Sheriff Streck. *See* Doc. No. 32 at PageID 116; *see also* Doc. No. 5 at PageID 29-30; Doc. No. 27. The R&R accurately describes the facts Plaintiff alleges in his pleadings and, after page one, the R&R did not mention the incorrectly listed Defendants. *See* Doc. No. 32 at PageID 116; *see also* Doc. No. 5 at PageID 29-30. For these reasons, and when the entire R&R is read in full, the misidentification of Defendants on page one played no substantive role in the analysis of Plaintiff's claim and, thus, caused no prejudice to Plaintiff.

Plaintiff next contends that the R&R contains biased and discriminatory language by characterizing him as a "frequent filer" in this Court and a prisoner at the North Central Correctional Institution. Doc. No. 34 at PageID 126. Plaintiff further contends that Judge Silvain "should be recused from this and any other case" he files. *Id*. These objections lack merit. The description of Plaintiff as a "frequent filer" is factually correct, particularly in light of the seven cases cited in the R&R. Doc. No. 32 at PageID 113, n.1. Plaintiff's objections also fail to show that the description of him as a "frequent filer" played a role in Judge Silvain's analysis, conclusions and recommendations or otherwise caused him any prejudice. *See* Doc. No. 34.

There is no indication in the R&R that Judge Silvain held a bias against Plaintiff or discriminated against him in any way. Judge Silvain's recognition—that Plaintiff was proceeding *pro se* in this case—is factually accurate, necessary to determine the law applicable to reviewing his complaint and amended complaints, and operated in his favor. As Judge Silvain explained, "the Court holds *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers." Doc. No. 32 at 115 (internal quotation marks omitted) (quoting *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting, in turn, *Haines v. Kerner*, 404 U.S. 519, 520 (1972))); *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A

3

document filed *pro se* is 'to be liberally construed' . . . ."). This was correct as a matter of law as seen in the cases cited in in the R&R, *see* Doc. No. 32 at PageID 115, and in many additional cases. *See, e.g., Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) (collecting cases). Similarly, Judge Silvain's recognition—that Plaintiff is an inmate at a state correctional institution—is factually accurate and was a necessary precursor to screening his complaint under § 1915A before service of summons occurred on the named defendants. *See Turner v. Mich. Dep't of Corr.*, No. 22-1562, 2023 WL 2755655, at *2 (6th Cir. Apr. 3, 2023) ("The Prison Litigation Reform Act directs district courts to screen prisoner complaints before serving them on government defendants." (citing 28 U.S.C. § 1915A(a)).

Plaintiff next objects to the denial of his motion to appoint counsel. This objection lacks merit. Although an indigent defendant in a criminal case has a constitutional right to counsel, *see* U.S. Const. amend. VI, the Constitution affords indigent parties no such right in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). In this Court, absent extraordinary circumstances, counsel for indigent parties in civil cases will not be appointed unless the case proceeds past the summary judgment stage. *Cf. Stribling v. Washington*, No. 20-12990, 2023 WL 4442318, at *1 (E.D. Mich. June 6, 2023) (noting, in general, "the appointment of counsel in prisoner civil rights cases [occurs] only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims." (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993))).

Plaintiff's remaining objections fail to demonstrate that R&R contains an error of fact or law. *See* Doc. No. 34. As a result, and upon careful *de novo* consideration of the foregoing, the Magistrate Judge's Report and Recommendation is **ADOPTED**; Plaintiff's objections are **OVERRULED**; Plaintiff's initial and amended complaints—including claims Plaintiff seeks to

4

raise on behalf of the Real Change Program (Doc. Nos. 5, 20, 27)—assuming, *arguendo*, that he has standing to do so—are **DISMISSED WITH PREJUDICE**; Plaintiff's motions (Doc. Nos. 4, 12, 14, 15, 17, 18, 24, 26) are **DENIED**; and, this case is **TERMINATED ON THE DOCKET**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and consequently, **DENIES** Plaintiff leave to appeal *in forma pauperis*.

    **IT IS SO ORDERED.**

July 31, 2023                                                  s/*Michael J. Newman*
                                                                               Hon. Michael J. Newman
                                                                               United States District Judge